IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. ROSEMARY ADMIRAL AND DR. BEN WRIGHT, *PLAINTIFFS,* <br><br> V. <br><br> UNIVERSITY OF TEXAS AT DALLAS; UNIVERSITY OF TEXAS SYSTEM; DR. RICHARD BENSON, IN HIS INDIVIDUAL CAPACITY; DR PRABHAS V. MOGHE, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF TEXAS AT DALLAS; ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY; AND GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY *DEFENDANTS.* | § § § § § § § § § § § § § § § § § § § | CAUSE NO. 3:25-CV-02843-X |

---

### DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS

---

TO THE HONORABLE JUDGE BRANTLEY STARR:

COME NOW Defendants, The University of Texas at Dallas ("UTD"), The University of Texas System ("UT System"), Dr. Richard Benson ("Dr. Benson"), UTD President at the time of the protest, in his individual capacity, Dr. Prabhas V. Moghe ("Dr. Moghe"), in his official capacity as current President of UTD, Attorney General Ken Paxton ("Paxton"), in his official capacity, and Governor Greg Abbott ("Abbott"), in his official capacity, and files this their Motion to Dismiss Plaintiffs Dr. Rosemary Admiral and Dr. Ben Wright ("Plaintiffs") Complaint ("Plaintiffs' Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and would show as follows:

## I.    INTRODUCTION

Plaintiffs bring this suit regarding alleged violations of their civil rights during a campus protest at The University of Texas at Dallas. Plaintiffs allege that the May 1, 2024 protest was a "protest in solidarity with the people of Gaza" during the Israeli and Palestinian conflict. Plaintiffs' Complaint, ¶1. Plaintiffs Dr. Ben Wright ("Dr. Wright") and Dr. Rosemary Admiral ("Dr. Admiral") were present for the protest and were ultimately arrested allegedly for their exercise of free speech and Muslim faith. Plaintiffs' Complaint, ¶¶28 – 29. Defendants deny these allegations, and Plaintiffs' claims should be denied on that basis alone.

However, Plaintiffs' claims are barred for several reasons:

- Plaintiffs' claims against all Defendants are barred by the Texas Citizen Participation Act.

- Plaintiffs'' 42 U.S.C. §§ 1981 and 1983 claims are barred by sovereign immunity and fail to state a claim for relief against Defendants UTD, UT System, Dr. Moghe, Paxton, and Abbott (hereinafter, "State Defendants).

- Plaintiffs' First and Fourth Amendment claims fail to state a claim for relief against all Defendants.

- Plaintiffs' Title VI claims fail to state a claim for relief against all Defendants.

- Plaintiffs' claims against Dr. Benson are barred by qualified immunity.

Therefore, Plaintiffs' claims should be dismissed in their entirety.

## II.    RULE 12(B)(1) MOTION TO DISMISS

### A.    Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal due to the Court's lack of subject matter jurisdiction. Federal court subject matter jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). Dismissal under Rule 12(b)(1) is appropriate if a claim is

barred by state sovereign or Eleventh Amendment immunity. *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). The burden of proof for a Fed. R. Civ. P. 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The principle of sovereign immunity bars citizens from suing a non-consenting state in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Eleventh Amendment operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir.2011). The Eleventh Amendment bars any claims brought against a state or state agency unless Congress has abrogated the state's immunity, or the state has expressly waived its immunity to suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

Plaintiffs' Complaint is unclear as to whether Plaintiffs bring their claims pursuant to 42 U.S.C. § 1981 or 42 U.S.C. § 1983. Plaintiffs title their first "claim for relief" as 42. U.S.C. §1981. But later, Plaintiffs assert that their claims are brought under 42 U.S.C. § 1983. Regardless, Plaintiffs' §§1981 and 1983 claims against the State Defendants are barred by Eleventh Amendment sovereign immunity.

**B.      Plaintiffs' §1981 claims against UTD, UT System, Dr. Moghe, Paxton, and Abbott are barred by sovereign immunity.**

Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1981. *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996); *Ukpong v. Int'l Leadership of Tex.*, No. 21-11111, 2022 WL 6935140, at \*3 (5th Cir. Oct. 12, 2022) ("§ 1981 does not abrogate state sovereign immunity."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). Additionally, the state of Texas has not consented to §1981 claims. *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D.

**DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**               **PAGE 3**

Tex. 1996). Plaintiffs' § 1981 claims against the state of Texas and state officials are barred by the state's sovereign immunity. *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996).

A state university, like UTD, is a state institution to which Eleventh Amendment immunity extends. *Muthukumar Nachiappan Subbiah v. The Univ. of Tex. at Dallas*, No. 3:10-CV-115-B, 2011 WL 1771806, at *7 (N.D. Tex. May 10, 2011). The University of Texas System is also a state agency and is entitled to sovereign immunity. *Turner v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007).

A suit brought against a state official acting in his or her official capacity is akin to a suit against the state. *Starr v. Cnty. of El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *3 (W.D. Tex. Aug. 5, 2010). Plaintiff sues Governor Greg Abbott and Attorney General Ken Paxton in their state official capacities, therefore, Plaintiffs' §1981 claims against Abbott and Paxton are also barred by sovereign immunity. *See* Plaintiffs' Complaint, ¶¶34 – 35 (describing Defendant Paxton as the "chief legal officer of the state of Texas" and Defendant Abbott as the "chief executive officer of the state of Texas.") Also, as the current President of The University of Texas at Dallas, Plaintiffs' §1981 claims against Dr. Prabhas V. Moghe are also barred by sovereign immunity. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008) ("Because Nelson sued Daniel in his official capacity as head of UTD, Nelson's suit is treated as one against the State of Texas which, absent an exception to immunity, is barred by the Eleventh Amendment.").

**C.      Plaintiffs' §1983 claims against UTD, UT System, Dr. Moghe, Paxton, and Abbott are barred by sovereign immunity.**

§1983 allows for a cause of action where a "*person* …. under color of any statute…subjects, or causes to be subjected, any citizen of the United States or other person within

**DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**          **PAGE 4**

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws….” (emphasis added).

However, §1983 claims are barred by sovereign immunity against the “state.” *Doe v. Bonath*, 705 F. Supp. 3d 690, 704 (W.D. Tex. 2023). The state has not waived its sovereign immunity nor has it consented to suit in federal court. *Id*; *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–95 (5th Cir. 2015). The Supreme Court has explicitly held that § 1983 does not abrogate state sovereign immunity. *Doe v. Bonath,* 705 F. Supp. 3d 690, 704 (W.D. Tex. 2023); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). As previously stated UTD and UT System are arms of the state. *Muthukumar Nachiappan Subbiah v. The Univ. of Tex. at Dallas*, No. 3:10-CV-115-B, 2011 WL 1771806, at *7 (N.D. Tex. May 10, 2011); *Turner v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007). Sovereign immunity also extends to state officials. *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Starr v. Cnty. of El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *3 (W.D. Tex. Aug. 5, 2010). Here, Dr. Moghe, Paxton, and Abbott are sued in their state official capacities, and therefore Plaintiffs’ §1983 claims are barred by sovereign immunity with regard to these Defendants as well.

**D.    *Ex parte Young* is not applicable to Plaintiffs’ Claims**

State sovereign immunity under the Eleventh Amendment generally precludes suits against state officials in their official capacities. *City of Austin v. Paxton*, 943 F.3d 993, 997–98 (5th Cir. 2019). The *Ex parte Young* exception to state sovereign immunity allows private parties to bring “suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.” *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The inquiry into whether a suit is subject to the *Ex parte Young* exception does not require an analysis of the merits of the

claim. *See Verizon Md., Inc. v. Pub. Serv. Com'n*, 535 U.S. 635, 646, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). Rather, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255, 131 S. Ct. 1632, 1639, 179 L. Ed. 2d 675 (2011). To comply with the dictates of *Ex parte Young*, Plaintiffs' lawsuit must allege that the defendants' actions are currently violating federal law, and that they do not seek redress for "past harms." *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020). Retrospective relief for past wrongs is barred. *Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir.1988); *Jackson v. Wright*, 82 F.4th 362, 368 (5th Cir. 2023). Acts that were a "one time, past event" are insufficient. Where a federal law is violated one time or over a period of time in the past, *Ex parte Young* does not apply. *Shah v. Univ. of Tex. Sw. Med. Sch.*, 129 F. Supp. 3d 480, 495–96 (N.D. Tex. 2015), aff'd, 668 Fed. Appx. 88 (5th Cir. 2016); *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023) (The *Ex parte Young* doctrine does not permit judgments against state officers declaring that they violated federal law in the past.). Deterrence interests are also insufficient to invoke *Ex parte Young*. *Shah v. Univ. of Tex. Sw. Med. Sch.*, 129 F. Supp. 3d 480, 495–96 (N.D. Tex. 2015), aff'd, 668 Fed. Appx. 88 (5th Cir. 2016).

Plaintiffs do not allege an ongoing violation of federal law and do not seek prospective relief. Plaintiffs' Complaint makes it clear that they seek redress for their arrest on May 1, 2024 and the punishment they allegedly received thereafter. Plaintiffs' Complaint ¶¶14, 17 – 20. Additionally, Plaintiffs seek the following redress (*See*, Plaintiffs' Complaint, page 28):

- Declaratory judgment based on the acts or omissions of Defendants on May 1, 2024;

- Declaration that Plaintiffs' rights were violated on May 1, 2024;

- Permanent injunction against Defendants' attempts to bar Plaintiffs from campus;

**DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**          **PAGE 6**

- Reversal of all discriminatory measures made in retaliation for Plaintiffs' participation in the May 1, 2024 protest;

- Compensatory damages for stress and harm caused by the Defendants' conduct on May 1, 2024;

- Punitive damages to punish Defendants for their actions on May 1, 2024;

- A cease and desist against any actions taken by Defendants due to the May 1, 2024 protest.

All of Plaintiffs' requests are intended to compensate Plaintiffs for their past arrests and allege retroactive compensation. Therefore, *Ex parte Young* is not applicable to the claims made in Plaintiffs' Complaint.

### III.    RULE 12(B)(6) MOTION TO DISMISS

**A.    Fed. R. Civ. P. 12(b)(6) Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*.

**DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**                    **PAGE 7**

**B.**     **Plaintiffs' claims against all Defendants should be dismissed under Texas' Citizen Participation Act.**

As a threshold matter, Plaintiffs' Complaint fails to state a claim for relief because calling the police and/or making a police report is protected first amendment activity guarded by Tex. Civ. Prac. & Rem Code, Chapter 27, also known as the Texas Citizen Participation Act ("TCPA"). Where an individual exercises their right to petition under the TCPA, claims against that individual are barred. *Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 807 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Plaintiffs' Complaint alleges that all Defendants "called in armed law enforcement officers from multiple agencies." Plaintiffs' Complaint, ¶7. "Upon information and belief, Defendants brought in law enforcement officers from at least five different departments to campus, including a SWAT Team." Plaintiffs' Complaint, ¶86. In the process, Plaintiffs allege that they were arrested as well as nineteen other individuals. Plaintiffs' Complaint, ¶11. Plaintiffs' Complaint alleges that this call for law enforcement was the catalyst to Plaintiffs' arrests and subsequent harm.

Calling law enforcement and/or making a police report is first amendment speech protected by the TCPA. *Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 807 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *McShirley v. Lucas*, No. 02-23-00229-CV, 2024 WL 976512, at *5 (Tex. App.—Fort Worth Mar. 7, 2024); *California Commercial Inv. Group, Inc. v. Herrington*, No. 05-19-00805-CV, 2020 WL 3820907, at *4 (Tex. App.—Dallas July 8, 2020, no pet.).

For this reason alone, Plaintiffs' claims should be dismissed.

**C.**     **Plaintiffs' §1983 claim fails to state a claim for relief against the State Defendants.**

Neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45

(1989); *Hafer v. Melo*, 502 U.S. 21, 26, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991); *Adams v. Recovery Sch. Dist. ex rel. Louisiana, Dep't of Educ.*, 463 Fed. Appx. 297, 298 (5th Cir. 2012) (For purposes of § 1983, states and arms of a state are not "persons," and a § 1983 claim cannot be brought against those entities or their officials acting in an official capacity.). Therefore, Plaintiffs' §1983 claims fail to state a claim for relief, and the §1983 claims against the State Defendants should be dismissed.

**D.    Plaintiffs' First and Fourth Amendment claims fail to state a claim for relief against all Defendants.**

Plaintiffs' Complaint alleges violations of the Fourth Amendment and First Amendment, including First Amendment retaliation. However, these claims are improperly plead directly under the U.S. Constitution. Plaintiffs' Complaint fails to allege that their First and Fourth Amendment claims are plead under §1983. Therefore, Plaintiffs bring these claims directly under the U.S. Constitution. As a result, Plaintiffs' claims must be dismissed for failure to state a claim for relief.

42 U.S.C. § 1983 is the necessary vehicle through which a plaintiff must assert a constitutional claim. If the plaintiff does not assert 42 U.S.C. § 1983, the plaintiff's federal Constitutional claims should be dismissed. *Hunt v. Smith*, 67 F. Supp. 2d 675, 681–82 (E.D. Tex. 1999); *Garrett v. Dallas Pub. Sch.*, No. CIV.A. 3:98-CV-3016G, 1999 WL 1212859, at *2 (N.D. Tex. Dec. 16, 1999). Because Plaintiffs fail to properly bring their claims under §1983, they should be dismissed.

Even if, *arguendo*, Plaintiffs had properly brought these claims under §1983, Plaintiffs' claims are still barred by sovereign immunity and because State Defendants are not "persons" under §1983.

**E.    Plaintiffs' Title VI claim fails to state a claim for relief against all Defendants.**

Plaintiffs Title VI claims fail to state a claim for relief for many reasons.

First, Plaintiffs' Complaint alleges that Plaintiff Admiral "experienced targeting, arrest, and retaliatory treatment based on her religion." Plaintiffs' Complaint, ¶29. Importantly, Plaintiff Wright does not allege to be in a protective class. Regardless, Plaintiffs may not bring religious discrimination claims under Title VI. Title VI does not prohibit religious discrimination. *See* 42 U.S.C. § 2000(d) (prohibiting discrimination "on the grounds of race, color, or national origin"). Because Title VI does not proscribe discrimination based on religion, the court should dismiss Plaintiff's Title VI claim insofar as it is based on alleged religious discrimination. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017).

Second, only public or private entities may be liable under Title VI. *Price ex rel. Price v. Louisiana Dep't of Educ.*, 329 Fed. Appx. 559, 561 (5th Cir. 2009); *Sexton v. Rollins*, No. 4:24-CV-0852, 2024 WL 2854275, at *3 (S.D. Tex. June 4, 2024). Therefore, Plaintiffs' Title VI claims should be dismissed against Defendants Dr. Benson, Dr. Moghe, Paxton, and Abbott.

Third, there is no claim for vicarious liability under Title VI. *Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at *6 (S.D. Tex. Sept. 30, 2011). Plaintiffs' Complaint pleads that Plaintiffs endured adverse actions by UTD at the direction of and due to the actions of Defendants. Plaintiffs' Complaint, ¶200. Furthermore, UTD officials called law enforcement which led to their "unconstitutional" arrests. Plaintiffs' claims must be dismissed against UTD and UT System because an entity may not be held vicariously liable for an employee's conduct under Title VI. *Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at *6 (S.D. Tex. Sept. 30, 2011). Insofar as Plaintiffs base their Title VI claim against UTD and UT System on a theory of vicarious liability for Dr. Benson and Dr. Moghe, dismissal is required. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 628 (N.D. Tex. 2017).

Fourth, under Title VI, in cases that do not involve an official policy, damages are not available unless an "appropriate person"—an official authorized to institute corrective measures—had "actual knowledge" of the discrimination and responded with "deliberate indifference." *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017). To state a claim for damages under Title VI, a private litigant must, among other things, "plead facts in support of intentional discrimination." *Price ex rel. Price v. La. Dep't of Educ.*, 329 Fed.Appx. 559, 561 (5th Cir. 2009). A complaint that does not set forth "specific allegations of acts that were taken with discriminatory intent" does not state a claim for Title VI violations. *Muthukumar v. Univ. of Tex. at Dallas*, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010). Additionally, where Plaintiffs only allege their subjective belief that an individual was motivated by discriminatory animus or that others were treated more favorably, their claims must be dismissed. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017). These bare and subjective allegations are insufficient. *Id*.

Here, Plaintiffs allege that UTD and UT System discriminated against then based "on their perceived identity and association with Palestinian, Arab, and Muslim individuals." Plaintiffs' Complaint, ¶200. Plaintiffs' make bare assertions that discrimination *must* have been the reason for adverse action taken against them, but they fail to provide any factual statements supporting this allegation. Additionally, under Title VI, the Plaintiffs' fail to allege any facts suggesting that UTD or UT System had "actual knowledge of discrimination" and responded with "deliberate indifference."

**F.    Plaintiffs' claims against Dr. Benson are barred by qualified immunity.**

"A public official, sued in his individual capacity, performing a discretionary function enjoys qualified immunity in a civil action, provided the conduct alleged did not violate clearly

established federal statutory or constitutional rights of which a reasonable person would have known." *Hernandez v. Duncanville School District*, 2005 WL 723458, *9 (N.D.Tex.2005). "Qualified immunity is not merely a defense to liability but an immunity from suit." *Id*. (citation omitted). "In addressing a claim of qualified immunity, a court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right, which is a purely legal question." *Id*. "Then, the court proceeds to determine whether the right allegedly violated was clearly established at the time, such that a reasonable official would have understood that the conduct engaged in violated that right." *Id*.

The only factual allegations against Defendant Benson are that he "(1) stated publicly that he did not know whether the arrestees were armed or had criminal records, and (2) he had immediate access to and knowledge of information that showed that those arrested were not armed and did not have criminal records." Plaintiffs' Complaint, ¶¶166 – 168. These claims are insufficient to state a cause of action.

Plaintiffs essentially allege that Dr. Benson stated that he did not know anything about the Plaintiffs. By providing this statement Dr. Benson did not violate Plaintiffs' statutory or constitutional rights," and because his statements did not violate Plaintiffs' rights no one would have understood that those statements constituted a violation of Plaintiffs' rights. Instead, it is Plaintiffs' subjective belief that this comment amounted to something malicious. Again, Plaintiffs' subjective and conclusory opinions are insufficient to state a cause of action for relief. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Johnson v. Shop*, No. 4:22-CV-1339, 2023 WL 3127664, at *2 (S.D. Tex. Apr. 27, 2023) (Plaintiff's

subjective belief of discrimination is insufficient to establish a claim for relief and requires dismissal).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs' claims be dismissed in their entirety as to all Defendants and that Plaintiffs take nothing for these claims. Defendants also seek such other relief, both general and special, at law and in equity, to which they may be justly entitled.

*(signature page to follow)*

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General
Texas Bar No. 24085665
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2100
Fax: (512) 320-0667
Jordan.Woody@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

**DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS**            **PAGE 14**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been filed via CM/ECF electronic filing on this the 25th day of November, 2025, which will send electronic notice of filing to Plaintiff's counsel of record.

> Christina A. Jump
> Chelsea Glover
> Jinan Chehade
> Legal Division of Muslim Legal Fund of America
> 100 North Central Expressway, Suite 1010
> Richardson, Texas 75080
> Tel: (972) 914-2507
> Fax: (972) 692-7454
> Cjump@clcma.org
> cglover@clcma.org
> jinan.chehade@mlfa.org

> Counsels for Plaintiffs Dr. Rosemary Admiral and Dr. Ben Wright

> */s/ Jordan P. Woody*
> **JORDAN P. WOODY**
> Assistant Attorney General