IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. ROSEMARY ADMIRAL AND DR. BEN WRIGHT, *PLAINTIFFS,* <br><br> V. <br><br> UNIVERSITY OF TEXAS AT DALLAS; UNIVERSITY OF TEXAS SYSTEM; DR. RICHARD BENSON, IN HIS INDIVIDUAL CAPACITY; DR PRABHAS V. MOGHE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS PRESIDENT OF THE UNIVERSITY OF TEXAS AT DALLAS; ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY; AND GOVERNOR GREG ABBOTT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY *DEFENDANTS.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 3:25-CV-02843-X |

---

## DEFENDANTS' RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE BRANTLEY STARR:

COME NOW Defendants, The University of Texas at Dallas ("UTD"), The University of Texas System ("UT System"), Dr. Richard Benson ("Dr. Benson"), UTD President at the time of the protest, in his individual capacity, Dr. Prabhas V. Moghe ("Dr. Moghe"), in his individual and official capacity as current President of UTD, Attorney General Ken Paxton ("Paxton"), in his official capacity, and Governor Greg Abbott ("Abbott"), in his individual and official capacity, and files this their Motion to Dismiss Plaintiffs Dr. Rosemary Admiral and Dr. Ben Wright ("Plaintiffs") First Amended Complaint ("Plaintiffs' Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and would show as follows:

## I.    INTRODUCTION

Plaintiffs' First Amended Complaint alleges that they were subject to disparate treatment during and after a campus protest at The University of Texas at Dallas. Although Plaintiffs' First Amended Complaint contains a large amount of information regarding general "discrimination in the air" in the United States at the time of the Israeli and Palestinian conflict, this is simply an employment discrimination case. Plaintiffs allege discrimination and retaliation after a protest on the UTD campus, where they were allegedly arrested and later banned from campus. Importantly, Plaintiffs are largely offended by the police's presence and actions during the protest. However, Plaintiffs forget that this is a case about UTD, their employer, the president(s) of UTD, and an attempt to bring in Attorney General Ken Paxton and Governor Greg Abbott, who were not at the protest and are in no way affiliated with UTD's or the police's decision making.

As a result, Defendants deny these allegations and Plaintiff's First Amended Complaint should be dismissed for the following reasons:

- Plaintiffs' claims against all Defendants are barred by the Texas Citizen Participation Act.

- Plaintiffs' 42 U.S.C. §§ 1981 and 1983 claims are barred by sovereign immunity and fail to state a claim for relief against all Defendants.

- Plaintiffs' Title VI claims fail to state a claim for relief against all Defendants.

- Plaintiffs' claims against Dr. Benson and Dr. Moghe are barred by qualified immunity.

Therefore, Plaintiffs' claims should be dismissed in their entirety.

## II.    RULE 12(B)(1) MOTION TO DISMISS

### A.    Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal due to the Court's lack of subject matter jurisdiction. Federal court subject matter jurisdiction is limited by the Eleventh

Amendment and the principle of sovereign immunity. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002). Dismissal under Rule 12(b)(1) is appropriate if a claim is barred by state sovereign or Eleventh Amendment immunity. *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). The burden of proof for a Fed. R. Civ. P. 12(b)(1) motion is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The principle of sovereign immunity bars citizens from suing a non-consenting state in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The Eleventh Amendment operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir.2011). The Eleventh Amendment bars any claims brought against a state or state agency unless Congress has abrogated the state's immunity, or the state has expressly waived its immunity to suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

Plaintiffs' §§1981 and 1983 claims against UTD, UT System, Dr. Moghe (in his official capacity), Paxton (in his official capacity), and Abbott (in his official capacity) are barred by Eleventh Amendment sovereign immunity.

**B.      Plaintiffs' §1981 claims against UTD, UT System, Dr. Moghe, Paxton, and Abbott are barred by sovereign immunity.**

Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1981. *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996); *Ukpong v. Int'l Leadership of Tex.*, No. 21-11111, 2022 WL 6935140, at *3 (5th Cir. Oct. 12, 2022) ("§ 1981 does not abrogate state sovereign immunity."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). Additionally, the state of Texas has not consented to §1981 claims. *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D.

Tex. 1996). Plaintiffs' § 1981 claims against the state of Texas and state officials are barred by the state's sovereign immunity. *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996).

A state university, like UTD, is a state institution to which Eleventh Amendment immunity extends. *Muthukumar Nachiappan Subbiah v. The Univ. of Tex. at Dallas*, No. 3:10-CV-115-B, 2011 WL 1771806, at *7 (N.D. Tex. May 10, 2011). The University of Texas System is also a state agency and is entitled to sovereign immunity. *Turner v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007).

A suit brought against a state official acting in his official capacity is akin to a suit against the state. *Starr v. Cnty. of El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *3 (W.D. Tex. Aug. 5, 2010). Plaintiffs sue Governor Greg Abbott and Attorney General Ken Paxton in their state official capacities, therefore, Plaintiffs' §1981 claims against Abbott and Paxton are also barred by sovereign immunity. *See* Plaintiffs' Complaint, ¶¶34 – 35 (describing Defendant Paxton as the "chief legal officer of the state of Texas" and Defendant Abbott as the "chief executive officer of the state of Texas.") Also, as the former President of UTD, Plaintiffs' §1981 claims against Dr. Prabhas V. Moghe (in his official capacity) are also barred by sovereign immunity. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008) ("Because Nelson sued Daniel in his official capacity as head of UTD, Nelson's suit is treated as one against the State of Texas which, absent an exception to immunity, is barred by the Eleventh Amendment.").

**C.      Plaintiffs' §1983 claims against UTD, UT System, Dr. Moghe, Paxton, and Abbott are barred by sovereign immunity.**

§1983 allows for a cause of action where a "*person* …. under color of any statute…subjects, or causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws…." (emphasis added).

However, §1983 claims are barred by sovereign immunity against the "state." *Doe v. Bonath*, 705 F. Supp. 3d 690, 704 (W.D. Tex. 2023). The state has not waived its sovereign immunity nor has it consented to suit in federal court. *Id*; *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–95 (5th Cir. 2015). The Supreme Court has explicitly held that § 1983 does not abrogate state sovereign immunity. *Doe v. Bonath,* 705 F. Supp. 3d 690, 704 (W.D. Tex. 2023); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981). As previously stated, UTD and UT System are arms of the state. *Muthukumar Nachiappan Subbiah v. The Univ. of Tex. at Dallas*, No. 3:10-CV-115-B, 2011 WL 1771806, at *7 (N.D. Tex. May 10, 2011); *Turner v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007). Sovereign immunity also extends to state officials. *Texas Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020); *Starr v. Cnty. of El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *3 (W.D. Tex. Aug. 5, 2010). Here, Dr. Moghe (in his official capacity), Paxton, and Abbott (in his official capacity) are sued in their state official capacities, and therefore Plaintiffs' §1983 claims are barred by sovereign immunity with regard to these Defendants as well.

### D. *Ex parte Young* is not applicable to Plaintiffs' Claims

State sovereign immunity under the Eleventh Amendment generally precludes suits against state officials in their official capacities. *City of Austin v. Paxton*, 943 F.3d 993, 997–98 (5th Cir. 2019). The *Ex parte Young* exception to state sovereign immunity allows private parties to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). The inquiry into whether a suit is subject to the *Ex parte Young* exception does not require an analysis of the merits of the

claim. *See Verizon Md., Inc. v. Pub. Serv. Com'n*, 535 U.S. 635, 646, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). Rather, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255, 131 S. Ct. 1632, 1639, 179 L. Ed. 2d 675 (2011). To comply with the dictates of *Ex parte Young*, Plaintiffs' lawsuit must allege that the defendants' actions are currently violating federal law, and that they do not seek redress for "past harms." *Williams On Behalf of J.E. v. Reeves*, 954 F.3d 729, 737 (5th Cir. 2020). Retrospective relief for past wrongs is barred. *Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir.1988); *Jackson v. Wright*, 82 F.4th 362, 368 (5th Cir. 2023). Acts that were a "one time, past event" are insufficient. Where a federal law is violated one time or over a period of time in the past, *Ex parte Young* does not apply. *Shah v. Univ. of Tex. Sw. Med. Sch.*, 129 F. Supp. 3d 480, 495–96 (N.D. Tex. 2015), aff'd, 668 Fed. Appx. 88 (5th Cir. 2016); *Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023) (The *Ex parte Young* doctrine does not permit judgments against state officers declaring that they violated federal law in the past.). Deterrence interests are also insufficient to invoke *Ex parte Young*. *Shah v. Univ. of Tex. Sw. Med. Sch.*, 129 F. Supp. 3d 480, 495–96 (N.D. Tex. 2015), aff'd, 668 Fed. Appx. 88 (5th Cir. 2016).

Plaintiffs do not allege an ongoing violation of federal law and do not seek prospective relief. Plaintiffs' Complaint makes it clear that they seek redress for their arrest on May 1, 2024 and the punishment they allegedly received thereafter. Plaintiffs' Complaint ¶¶14, 17 – 20. Additionally, Plaintiffs seek the following redress (*See*, Plaintiffs' Complaint, page 28):

- Declaratory judgment based on the acts or omissions of Defendants on May 1, 2024;

- Declaration that Plaintiffs' rights were violated on May 1, 2024;

- Permanent injunction against Defendants' attempts to bar Plaintiffs from campus;

- Reversal of all discriminatory measures made in retaliation for Plaintiffs' participation in the May 1, 2024 protest;

- Compensatory damages for stress and harm caused by the Defendants' conduct on May 1, 2024;

- Punitive damages to punish Defendants for their actions on May 1, 2024;

- A cease and desist against any actions taken by Defendants due to the May 1, 2024 protest.

All of Plaintiffs' requests are intended to compensate Plaintiffs for their past arrests and allege retroactive compensation. Therefore, *Ex parte Young* is not applicable to the claims made in Plaintiffs' First Amended Complaint.

## III.    RULE 12(B)(6) MOTION TO DISMISS

### A.    Fed. R. Civ. P. 12(b)(6) Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*.

**B.** **Joint and Several Liability does not automatically apply to the Defendants in this case.**

Plaintiffs' First Amended Complaint states that "all Defendants are jointly and severally liable for any damages assessed herein." Plaintiff's First Amended Complaint, ¶ 260. This is incorrect as a matter of law.

In order for state Defendants to be jointly and severally viable the Plaintiff is required to allege that unconstitutional conduct must be directly attributable to each Defendant, and isolated unconstitutional actions by state employees does not trigger liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Additionally, Plaintiffs must allege 3 elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). These elements are necessary to distinguish individual violations perpetrated by government employees from those that can be fairly identified as actions of the government itself. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)

1. *UTD, UT System, Dr. Benson, Dr. Moghe cannot be held jointly and several to the other Defendants.*

Plaintiffs fail to allege that UTD, Dr. Benson or Dr. Moghe had a discriminatory or retaliatory policy, nor do the Plaintiffs allege a policy maker with regard to an alleged discriminatory policy. Instead, Plaintiffs allege that Abbott's Executive Order created an "air" of discrimination throughout the state.

UTD did not have a discriminatory policy, just the opposite. UTD has an anti-discrimination policy. Without a discriminatory policy Dr. Benson and Dr. Moghe could not have enforced a discriminatory policy.

Plaintiffs do not make any claims regarding UT System having a policy of discrimination, let alone that UT System took any action against them.

    *2. Paxton's alleged actions did not directly cause Plaintiffs' alleged discrimination.*

Plaintiffs' allegations against Paxton are that he "endorsed a measure to suppress pro-Palestinian speech." Plaintiffs' Fist Amended Complaint, ¶ 34. However, Plaintiffs fail to allege a policy put forth by Paxton. Instead, Plaintiffs allege that Paxton contributed to an "air" of discrimination. Additionally, Plaintiffs fail to allege that any "discriminatory air" was directly attributable to the allegations made against Paxton. Plaintiffs do not allege that Paxton directly targeted Plaintiffs' or that he had a hand in Plaintiffs' alleged discrimination.

    *3. Plaintiffs fail to allege that Abbott's Executive Order targeted Plaintiffs*

Similarly to Paxton, Plaintiff's also failed to allege a policy put in place by Abbott that caused their alleged discrimination. Plaintiffs admit that Abbott's executive order "specifically target[ed] two pro-Palestinian student groups and called for disciplinary actions specifically against members or affiliates of those two student groups." Plaintiffs' First Amended Complaint, ¶ 39. However, Plaintiffs fail to allege that the executive order applied to them or that they were part of the two student groups that Abbott allegedly targeted. Therefore, Abott cannot be jointly and severally liable with the other Defendants.

    **C.**    **Plaintiffs' First and Fourth Amendment claims fail to state a claim for relief against all Defendants.**

Plaintiffs' First Amended Complaint alleges violations of the Fourth Amendment and First Amendment, including First Amendment retaliation. However, these claims are improperly plead directly under the U.S. Constitution. Plaintiffs' Complaint fails to allege that their First and Fourth Amendment claims are plead under §1983. Therefore, Plaintiffs bring these claims directly under the U.S. Constitution. As a result, Plaintiffs' claims must be dismissed for failure to state a claim for relief.

42 U.S.C. § 1983 is the necessary vehicle through which a plaintiff must assert a constitutional claim. If the plaintiff does not assert 42 U.S.C. § 1983, the plaintiff's federal Constitutional claims should be dismissed. *Hunt v. Smith*, 67 F. Supp. 2d 675, 681–82 (E.D. Tex. 1999); *Garrett v. Dallas Pub. Sch.*, No. CIV.A. 3:98-CV-3016G, 1999 WL 1212859, at *2 (N.D. Tex. Dec. 16, 1999). Because Plaintiffs fail to properly bring their claims under §1983, they should be dismissed.

Even if, *arguendo*, Plaintiffs had properly brought these claims under §1983, Plaintiffs' claims are still barred by sovereign immunity because State Defendants are not "persons" under §1983.

> **D.     Plaintiffs' § 1981 claims against UT System, Dr. Moghe (in his official and independent capacity), Paxton (in his official capacity) and Abbott (in his individual and official capacity) are barred under § 1981.**

Plaintiffs allege that "Defendants" acted under color of state law and are liable for violating Plaintiffs' rights under § 1981. Plaintiff's First Amended Complaint, ¶196. However, "§ 1981's focus [is] on the right to contract and the contractual relationship limits § 1981 non-employer liability to those who have authority to act on behalf of the employer in making and enforcing the employer's contracts. In other words, "….employees who are neither supervisors nor exercise supervisory authority are not in a position to act on behalf of the employer to make and enforce the company's employment contracts" therefore barring suits against non-employers. *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 865 (N.D. Tex. 2008). Plaintiffs' claims against UT System, Dr. Moghe (in his official and individual capacity), Paxton in his official capacity, and Abbott (in his individual and official capacity) are barred.

Plaintiffs fail to allege that UT System was Plaintiffs' employer or had the capacity to alter their employment contracts. Plaintiffs only claim about UT System is that it receives federal

funding. Plaintiffs' First Amended Complaint, ¶ 201. This is not sufficient to allege an employment contractual relationship.

Dr. Moghe wasn't even president at the time of Plaintiffs alleged discrimination. Dr. Moghe was not the president of UTD until significantly after the protests and any fall out from those protests. Because he wasn't even the president during the time of the alleged discrimination, there is no way he could have altered the Plaintiffs' employment contracts. Additionally, Dr. Moghe, in his individual capacity, had no control over UTD or employment contracts.

Plaintiffs also fail to allege that Paxton and Abbott (in their official capacity) exercised supervisory authority over Plaintiffs or that they could have alter their contracts. Plaintiffs do not allege that Paxton or Abbott were even affiliated with UTD outside of the fact that they are also state employees. There is not direct correlation between Paxton, Abbott, and the Plaintiffs. Also, in his individual capacity, Abbott does not have any power over employee contracts. In his individual capacity he has no control over the State of Texas or any of its entities.

Therefore, Plaintiff's § 1981 claims should be dismissed against UT System, Dr. Moghe (in his official and independent capacity), Paxton (in his official capacity), and Abott (in his individual and official capacity).

### E.     Plaintiffs' §1983 claim fails to state a claim against Dr. Benson, Dr. Moghe, and Abbott, individually.

Plaintiff's claims against Abbott, Dr. Benson, and Dr. Moghe, individually, are barred. An individual can only be liable under § 1983 if they had direct personal involvement in the discriminatory act, and cannot be held liable for the actions of subordinates. *Muhammad v. Perry*, No. A-10-CA-573-SS, 2010 WL 3338541, at *1 (W.D. Tex. Aug. 23, 2010). Additionally, where the individual did not hire, supervise, or take any adverse action against the Plaintiffs, the § 1983 claim fails. *Harris v. City of Balch Springs*, 9 F. Supp. 3d 690, 703 (N.D. Tex. 2014).

Plaintiffs do not allege that Dr. Benson, Dr. Moghe, or Abbott had personal involvement in their being allegedly banned from campus due to discrimination. Again, Dr. Moghe was not even the president of UTD at the time of the incident. Plaintiffs also fail to allege that Dr. Benson or Abbott as individuals had any hand in their being banned from campus.

**F.     Plaintiffs' §1983 claim fails to state a claim for relief against the State Defendants.**

Neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989); *Hafer v. Melo*, 502 U.S. 21, 26, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991); *Adams v. Recovery Sch. Dist. ex rel. Louisiana, Dep't of Educ.*, 463 Fed. Appx. 297, 298 (5th Cir. 2012) (For purposes of § 1983, states and arms of a state are not "persons," and a § 1983 claim cannot be brought against those entities or their officials acting in an official capacity.). Therefore, Plaintiffs' §1983 claims against UTD, UT System, Dr. Moghe, Paxton, and Abbott fail as a matter of law.

A state university, like UTD, is a state institution. *Muthukumar Nachiappan Subbiah v. The Univ. of Tex. at Dallas*, No. 3:10-CV-115-B, 2011 WL 1771806, at *7 (N.D. Tex. May 10, 2011). The University of Texas System is a state agency. *Turner v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, No. 3:06-CV-0592-L, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007). A suit brought against a state official acting in his official capacity is akin to a suit against the state. *Starr v. Cnty. of El Paso, Tex.*, No. EP-09-CV-353-KC, 2010 WL 3122797, at *3 (W.D. Tex. Aug. 5, 2010). Therefore, Abbott, as governor, and Paxton, as attorney general, are also barred by sovereign immunity. *See* Plaintiffs' Complaint, ¶¶34 – 35 (describing Defendant Paxton as the "chief legal officer of the state of Texas" and Defendant Abbott as the "chief executive officer of the state of Texas.") Also, as the former Presidents of UTD, Dr. Benson and Dr. Moghe are state officials. *Nelson v. Univ. of*

*Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008) ("Because Nelson sued Daniel in his official capacity as head of UTD, Nelson's suit is treated as one against the State of Texas which….").

### G.      Plaintiffs' Title VI claim fails to state a claim for relief against all Defendants.

Plaintiffs Title VI claim fails to state a claim for relief for many reasons.

First, Plaintiffs' First Amended Complaint alleges that Plaintiff Admiral "experienced targeting, arrest, and retaliatory treatment based on her religion." Plaintiffs' Complaint, ¶29. Additionally, Plaintiffs allege that Plaintiff Admiral experienced heightened scrutiny because of her characteristics as a "hijabi Muslim woman." Plaintiffs' First Amended Complaint, ¶205 Importantly, Plaintiff Wright does not allege to be in a protected class.

Regardless, Plaintiffs may not bring religious discrimination claims under Title VI. Title VI does not prohibit religious discrimination. *See* 42 U.S.C. § 2000(d) (prohibiting discrimination "on the grounds of race, color, or national origin"). Because Title VI does not proscribe discrimination based on religion, the court should dismiss Plaintiff's Title VI claim insofar as it is based on alleged religious discrimination. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017).

Second, only public or private entities may be liable under Title VI. *Price ex rel. Price v. Louisiana Dep't of Educ.*, 329 Fed. Appx. 559, 561 (5th Cir. 2009); *Sexton v. Rollins*, No. 4:24-CV-0852, 2024 WL 2854275, at *3 (S.D. Tex. June 4, 2024). Therefore, Plaintiffs' Title VI claims should be dismissed against Defendants Dr. Benson, Dr. Moghe, Paxton, and Abbott.

Third, there is no claim for vicarious liability under Title VI. *Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at *6 (S.D. Tex. Sept. 30, 2011). Plaintiffs' Complaint pleads that Plaintiffs endured adverse actions by UTD at the direction of and due to the actions of Defendants.  Plaintiffs' Complaint, ¶200. Furthermore, UTD officials called law enforcement which led to their "unconstitutional" arrests. Plaintiffs' claims must be dismissed

against UTD and UT System because an entity may not be held vicariously liable for an employee's conduct under Title VI. *Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at \*6 (S.D. Tex. Sept. 30, 2011). Insofar as Plaintiffs base their Title VI claim against UTD and UT System on a theory of vicarious liability for Dr. Benson and Dr. Moghe, dismissal is required. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 628 (N.D. Tex. 2017).

Fourth, under Title VI, in cases that do not involve an official policy, damages are not available unless an "appropriate person"—an official authorized to institute corrective measures— had "actual knowledge" of the discrimination and responded with "deliberate indifference." *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017). To state a claim for damages under Title VI, a private litigant must, among other things, "plead facts in support of intentional discrimination." *Price ex rel. Price v. La. Dep't of Educ.*, 329 Fed.Appx. 559, 561 (5th Cir. 2009). A complaint that does not set forth "specific allegations of acts that were taken with discriminatory intent" does not state a claim for Title VI violations. *Muthukumar v. Univ. of Tex. at Dallas*, 2010 WL 5287530, at \*5 (N.D. Tex. Dec. 27, 2010). Additionally, where Plaintiffs only allege their subjective belief that an individual was motivated by discriminatory animus or that others were treated more favorably, their claims must be dismissed. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017). These bare and subjective allegations are insufficient. *Id*.

Plaintiffs make bare assertions that discrimination *must* have been the reason for adverse action taken against them, but they fail to provide any factual statements supporting this allegation. Additionally, under Title VI, the Plaintiffs' fail to allege any facts suggesting that UTD or UT System had "actual knowledge of discrimination" and responded with "deliberate indifference."

**H.    Plaintiffs' claims against all Defendants should be dismissed under Texas' Citizen Participation Act.**

Plaintiffs' First Amended Complaint fails to state a claim for relief because calling the police and/or making a police report is protected first amendment activity guarded by Tex. Civ. Prac. & Rem Code, Chapter 27, also known as the Texas Citizen Participation Act ("TCPA"). Where an individual exercises their right to petition under the TCPA, claims against that individual are barred. *Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 807 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Plaintiffs' First Amended Complaint alleges that all Defendants "called in armed law enforcement officers from multiple agencies." Plaintiffs' First Amended Complaint, ¶7. "Upon information and belief, Defendants brought in law enforcement officers from at least five different departments to campus, including a SWAT Team." Plaintiffs' First Amended Complaint, ¶86. In the process, Plaintiffs allege that they were arrested as well as nineteen other individuals. Plaintiffs' First Amended Complaint, ¶11. Plaintiffs' Complaint alleges that this call for law enforcement was the catalyst to Plaintiffs' arrests and subsequent harm.

Calling law enforcement and/or making a police report is first amendment speech protected by the TCPA. *Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 807 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *McShirley v. Lucas*, No. 02-23-00229-CV, 2024 WL 976512, at *5 (Tex. App.—Fort Worth Mar. 7, 2024); *California Commercial Inv. Group, Inc. v. Herrington*, No. 05-19-00805-CV, 2020 WL 3820907, at *4 (Tex. App.—Dallas July 8, 2020, no pet.).

For this reason alone, Plaintiffs' claims should be dismissed.

**I.      Plaintiffs' claims against Dr. Benson and Dr. Moghe are barred by qualified immunity.**

"A public official, sued in his individual capacity, performing a discretionary function enjoys qualified immunity in a civil action, provided the conduct alleged did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Hernandez v. Duncanville School District*, 2005 WL 723458, *9 (N.D. Tex. 2005). "Qualified immunity is not merely a defense to liability but an immunity from suit." *Id*. (citation omitted). "In addressing a claim of qualified immunity, a court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right, which is a purely legal question." *Id*. "Then, the court proceeds to determine whether the right allegedly violated was clearly established at the time, such that a reasonable official would have understood that the conduct engaged in violated that right." *Id*.

The only factual allegations against Defendant Benson are that he "(1) stated publicly that he did not know whether the arrestees were armed or had criminal records, and (2) he had immediate access to and knowledge of information that showed that those arrested were not armed and did not have criminal records." Plaintiffs' First Amended Complaint, ¶¶166 – 168. These claims are insufficient to state a cause of action.

Plaintiffs essentially allege that Dr. Benson stated that he did not know anything about the Plaintiffs. By providing this statement Dr. Benson did not violate Plaintiffs' statutory or constitutional rights," and because his statements did not violate Plaintiffs' rights no one would have understood that those statements constituted a violation of Plaintiffs' rights. Instead, it is Plaintiffs' subjective belief that this comment amounted to something malicious. Again, Plaintiffs' subjective and conclusory opinions are insufficient to state a cause of action for relief. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.");

*Johnson v. Shop*, No. 4:22-CV-1339, 2023 WL 3127664, at *2 (S.D. Tex. Apr. 27, 2023) (Plaintiff's

subjective belief of discrimination is insufficient to establish a claim for relief and requires

dismissal).

Again, Plaintiffs do not allege that Dr. Moghe was performing a discretionary function as

an individual.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs' claims be

dismissed in their entirety as to all Defendants and that Plaintiffs take nothing for these claims.

Defendants also seek such other relief, both general and special, at law and in equity, to which they

may be justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General
Texas Bar No. 24085665

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone (512) 463-2100
Fax: (512) 320-0667
Jordan.Woody@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been filed via CM/ECF electronic filing on this the 30th day of January, 2026, which will send electronic notice of filing to Plaintiff's counsel of record.

Christina A. Jump
Chelsea Glover
Jinan Chehade
Legal Division of Muslim Legal Fund of America
100 North Central Expressway, Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
Cjump@clcma.org
cglover@clcma.org
jinan.chehade@mlfa.org

Counsels for Plaintiffs Dr. Rosemary Admiral and Dr. Ben Wright

*/s/ Jordan P. Woody*
**JORDAN P. WOODY**
Assistant Attorney General