**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DR. ROSEMARY ADMIRAL and DR. BEN WRIGHT, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:25-CV-2843-X |
| UNIVERSITY OF TEXAS AT DALLAS, et al., | § | |
| Defendants. | § | |

**Use of Generative Artificial Intelligence**[1]

**MOTION OF LAW PROFESSORS FAISAL CHAUDHRY, MOHAMMAD FADEL, AND RAMSI A. WOODCOCK FOR LEAVE TO FILE BRIEF AS AMICI CURIAE, WITH BRIEF IN SUPPORT**

To the Honorable Court:

Pursuant to Local Civil Rules 7.1 and 7.2(b), law professors Faisal Chaudhry, Mohammad Fadel, and Ramsi A. Woodcock respectfully move for leave to file the brief attached as Exhibit A as amici curiae in opposition to Defendants' motion to dismiss (ECF No. 31) insofar as the motion seeks dismissal of Plaintiffs' First Amendment retaliation claim.

**BRIEF IN SUPPORT**

**I. Interest of Amici.**

Amici are law professors who hold, and express in their teaching, scholarship, or public commentary, views supportive of Palestinian rights and critical of the State of Israel and of Zionism. Professors Chaudhry and Woodcock hold faculty appointments at American public universities. Professor Fadel teaches in Canada, but he was educated and has taught at American universities. He has lectured at the University of Texas at Austin on topics related to Israel and

[1] Generative artificial intelligence was used in preparing this motion.

Palestine and has been invited to lecture there again in February 2027. Amici are interested in whether a public university may punish members of its faculty for joining a peaceful campus protest about Israel and Palestine. Every faculty member who teaches about Israel and Palestine, as amici do, may be affected by this Court's decision. The proposed brief states amici's interest more fully as Local Civil Rule 7.2(b) requires. Ex. A at 1–2.

**II. The Proposed Brief Will Assist the Court.**

The proposed brief is limited to Plaintiffs' third claim for relief, for First Amendment retaliation. ECF No. 28 ¶¶ 180–197. Amici take no position on Plaintiffs' claims under 42 U.S.C. § 1981 or Title VI. The brief addresses three questions on which amici's perspective as teachers and scholars may be useful.

First, the brief explains that a First Amendment retaliation claim does not depend on the race of the plaintiff or of anyone with whom the plaintiff associated. Defendants' motion argues otherwise. ECF No. 31 at 9.

Second, the brief explains that a professor's participation in a peaceful campus protest on a matter of public concern is protected speech, and that speech related to teaching receives particular First Amendment protection.

Third, the brief identifies authorities bearing on whether the relevant law was clearly established. Defendants argue that no reasonable official would have known that removing Plaintiffs from campus violated a clearly established right. ECF No. 31 at 13. In dismissing the prior complaint, the Court observed that Plaintiffs had not identified a case governing the conduct at issue. ECF No. 21 at 15. The brief discusses the Fifth Circuit's en banc decision in *Kinney v. Weaver*, 367 F.3d 337 (5th Cir. 2004), and the Supreme Court decisions that protected teachers' speech long before 2024.

The brief does not repeat Plaintiffs' arguments. Rather, the amicus brief supplements Plaintiffs' arguments with a focus on academic speech and the Fifth Circuit's en banc opinion in *Kinney*.

**III. The Court Has Discretion to Grant Leave, and the Motion Is Timely.**

No Federal Rule of Civil Procedure governs amicus briefs in the district courts. Whether to accept one is a matter for the Court's discretion. A judge of the Fifth Circuit has observed that "[c]ourts enjoy broad discretion to grant or deny leave to amici." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021) (Ho, J., in chambers). In granting an opposed motion for leave, Judge Ho adopted then-Judge Alito's reasoning that an unhelpful brief can "simply" be disregarded, while "if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.* at 676 (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)).

Amici file this motion promptly after Plaintiffs filed their response on November 17, 2026 (ECF No. 32), and before Defendants' reply is due. Defendants will have a full opportunity to respond to the proposed brief in their reply. The brief is fewer than 10 pages long.

**CONCLUSION**

Amici respectfully ask the Court to grant leave and to direct the Clerk to file the brief attached as Exhibit A. A proposed order is attached as Exhibit B and is being submitted in Word format to the Court's proposed-order address.

Dated: November 25, 2026

Respectfully submitted,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
Texas Bar No. 12095275
THOMAS S. LEATHERBURY LAW, PLLC
Cumberland Hill School Building
1901 North Akard Street
Dallas, Texas 75201-2305
(214) 213-5004
tom@tsleatherburylaw.com

Peter B. Steffensen
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275-0116
(214) 768-4077
psteffensen@smu.edu

Counsel for Amici Curiae Law Professors

**CERTIFICATE OF CONFERENCE**

On November 23, 2026, I conferred with Christina A. Jump, counsel for Plaintiffs, and with Jordan P. Woody, counsel for Defendants. Plaintiffs do not oppose the motion and the filing of the brief. Defendants oppose the motion and the filing of the brief.

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, I filed this document through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury