**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DR. ROSEMARY ADMIRAL and DR. BEN WRIGHT, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:25-CV-2843-X |
| UNIVERSITY OF TEXAS AT DALLAS, et al., | § | |
| Defendants. | § | |

**Use of Generative Artificial Intelligence**[1]

**BRIEF OF AMICI CURIAE LAW PROFESSORS FAISAL CHAUDHRY, MOHAMMAD FADEL, AND RAMSI A. WOODCOCK IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDMENT RETALIATION CLAIM**

TO THE HONORABLE COURT:

## INTEREST OF AMICI CURIAE

Amici are law professors who hold, and express in their teaching, scholarship, or public commentary, views supportive of Palestinian rights and critical of the State of Israel and of Zionism. Professors Chaudhry and Woodcock hold faculty appointments at American public universities. Professor Fadel teaches in Canada, but he was educated and has taught at American universities. He has lectured at the University of Texas at Austin on topics related to Israel and Palestine and has been invited to lecture there again in February 2027. Amici's titles and affiliations appear in the Appendix.

Amici are interested in the rule that determines whether a public university may punish members of its faculty for joining a peaceful campus protest about Israel and Palestine. Plaintiffs, two history professors at the University of Texas at Dallas ("UTD"), allege that UTD barred them

[1] Generative artificial intelligence was used in preparing this brief.

from campus and restricted their access to their offices and classrooms after they joined such a protest. If the First Amendment does not reach a campus ban imposed for joining a protest, every faculty member who teaches about Israel and Palestine, as amici do, works under the threat of the same treatment. In the interest of full disclosure, Professor Woodcock is the plaintiff in *Woodcock v. Capilouto*, No. 5:25-cv-00424 (E.D. Ky. filed Nov. 13, 2025), and in related actions in Franklin Circuit Court, Kentucky, which challenge his suspension by the University of Kentucky following his speech about Israel and Palestine.

No party or party's counsel authored this brief in whole or in part. No person other than amici contributed money intended to fund its preparation or submission.

## INTRODUCTION

Plaintiffs Rosemary Admiral and Ben Wright teach history at UTD. On May 1, 2024, Plaintiffs joined a peaceful student encampment that called for a ceasefire in Gaza. ECF No. 28 ¶¶ 3–4, 39–40. Professor Wright led a read-in. *Id.* ¶¶ 42, 45. Professor Admiral brought books and materials for her students. *Id.* ¶ 53. Both were arrested when police cleared the encampment. *Id.* ¶¶ 75, 80. After Plaintiffs' release, UTD barred Plaintiffs from campus, required them to work remotely, and restricted their access to their offices. *Id.* ¶¶ 11, 104–107, 186. No court imposed restrictions as broad as UTD's. *Id.* ¶ 110. The charges against Plaintiffs were not pursued. *Id.* ¶ 12.

Amici write in support of Plaintiffs' third claim for relief, for First Amendment retaliation. *Id.* ¶¶ 180–197. Amici take no position on Plaintiffs' claims under 42 U.S.C. § 1981 or Title VI. Part I explains that the retaliation claim does not depend on anyone's race. Part II explains that a professor's participation in a peaceful campus protest on a matter of public concern is protected speech, including when the participation is part of the professor's teaching. Part III explains that the protection for Plaintiffs' participation was clearly established when UTD acted.

## ARGUMENT

### I. A First Amendment Retaliation Claim Does Not Depend on Race.

Defendants treat Plaintiffs' First Amendment claim as a claim of "associational discrimination" and argue that the claim fails because Plaintiffs do not allege that their own race motivated Defendants. ECF No. 31 at 9. The authorities Defendants cite for that argument concern claims of race discrimination. *See id.* Plaintiffs' third claim is different. The third claim alleges that Defendants punished Plaintiffs for exercising their First Amendment rights "to engage in peaceful free expression, and association and support of students' free speech expressions." ECF No. 28 ¶ 181.

The Fifth Circuit's test for a professor's First Amendment retaliation claim does not ask about the race of the speaker or of anyone else. *Buchanan v. Alexander*, 919 F.3d 847, 853 (5th Cir. 2019). The First Amendment protects the speech. The government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech." *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). In *Perry*, the Supreme Court applied that rule to a college professor who alleged that his contract was not renewed because of his public criticism of the policies of the college administration. 408 U.S. at 595, 598. Plaintiffs' retaliation claim rests on the same principle. Success on the retaliation claim does not depend on proof of racial motive.

### II. A Professor's Participation in a Peaceful Campus Protest About Gaza Is Protected Speech.

"Speech by citizens on matters of public concern lies at the heart of the First Amendment." *Lane v. Franks*, 573 U.S. 228, 235 (2014). The encampment Plaintiffs joined called on UTD to divest from weapons manufacturers supplying the Israeli military, to support a ceasefire in Gaza, and to reject an executive order of the Governor of Texas. ECF No. 28 ¶¶ 4, 39. A war, a

university's investments, and a governor's order are matters of public concern by any measure. The Supreme Court has long protected teachers who speak publicly on such matters. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 574 (1968).

A professor's speech related to teaching and scholarship receives particular protection. The Fifth Circuit has recognized that academic freedom is "a special concern of the First Amendment." *Buchanan*, 919 F.3d at 852 (quoting *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603 (1967)). Accordingly, in the Fifth Circuit, "classroom discussion is protected activity." *Buchanan,* 919 F.3d at 852 (quoting *Kingsville Indep. Sch. Dist. v. Cooper*, 611 F.2d 1109, 1113 (5th Cir. 1980)). The Supreme Court has likewise recognized that "expression related to academic scholarship or classroom instruction" may "implicate[] additional constitutional interests that are not fully accounted for by [the] Court's customary employee-speech jurisprudence." *Garcetti v. Ceballos*, 547 U.S. 410, 425 (2006). Six other federal courts of appeals have recognized special First Amendment protection for a professor's speech related to university teaching or scholarship. *See Pernell v. Fla. Bd. of Governors of the State Univ.*, 181 F.4th 1135, 1149, 1154 (11th Cir. 2026); *Reges v. Cauce*, 175 F.4th 1014, 1030–31 (9th Cir. 2026); *Kilborn v. Amiridis*, 131 F.4th 550, 557–58 (7th Cir. 2025); *Heim v. Daniel*, 81 F.4th 212, 225–26 (2d Cir. 2023); *Meriwether v. Hartop*, 992 F.3d 492, 505–07 (6th Cir. 2021); *Demers v. Austin*, 746 F.3d 402, 406, 411–12 (9th Cir. 2014); *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 562–64 (4th Cir. 2011).

The complaint describes speech related to teaching. Professor Wright, "a historian of American protest traditions," held a read-in at the encampment, "sharing information on past movements for justice" with students. ECF No. 28 ¶¶ 5, 42. Professor Admiral brought "books and materials for her students." *Id.* ¶ 53. The Supreme Court has recognized that academic freedom "is of transcendent value to all of us and not merely to the teachers concerned," and that the First

Amendment "does not tolerate laws that cast a pall of orthodoxy over the classroom." *Keyishian*, 385 U.S. at 603. A university that punishes a historian for teaching students about past protest movements at a protest casts that pall.

UTD had no reason to punish Plaintiffs' speech. The complaint alleges that the encampment was peaceful, that the protest did not disrupt UTD's operations, and that Defendants offered no legitimate justification for the restrictions. ECF No. 28 ¶¶ 40, 47, 189–191. At this stage the Court must accept those allegations as true. ECF No. 21 at 4. UTD's response was also of the kind that deters speech. UTD barred Plaintiffs from campus, required Professor Admiral to teach remotely, told Professor Admiral that the officers who had arrested her would escort her if she wished to retrieve her belongings, and canceled her study abroad program. ECF No. 28 ¶¶ 104–108, 117. UTD's measures "would chill a person of ordinary firmness from continuing to engage in" protected activity. *See Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). UTD's measures also chill every colleague who learns of the measures.

## III. The Law Gave Defendants Fair Warning That Punishing Professors for Peaceful Protest Violates the First Amendment.

Defendants argue that no reasonable official would have known that removing Plaintiffs from campus violated a clearly established right. ECF No. 31 at 13. In dismissing the prior complaint, the Court observed that Plaintiffs had not identified a case governing the conduct at issue. ECF No. 21 at 15. Amici respectfully submit the following authorities on whether the law was clearly established.

The test is fair warning, not factual identity. The law can be clearly established "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc) (quoting

*Hope v. Pelzer*, 536 U.S. 730, 740 (2002)) (internal quotation marks omitted). In *Kinney*, two instructors at a police academy testified as experts that a police officer had used excessive force. *Id.* at 341–42. Police officials then allegedly retaliated by boycotting the instructors' classes and pressuring the academy to fire them. *Id.* at 355. The en banc court held that the officials could "fairly be said to have been on notice of the impropriety of their actions," because, on the plaintiffs' version of the facts, the officials had no legitimate reason for the retaliation. *Id.* at 372.

The same is true here. Taking the complaint's allegations as true, UTD barred two professors from campus because they joined a peaceful protest that did not disrupt UTD's operations. Defendants had no legitimate justification. ECF No. 28 ¶¶ 185–191. The governing principles were settled long before 2024. *Keyishian* established in 1967 that academic freedom is "a special concern of the First Amendment." 385 U.S. at 603. *Pickering* held in 1968 that, "absent proof of false statements knowingly or recklessly made by him, a teacher's exercise of his right to speak on issues of public importance may not furnish the basis for his dismissal from public employment." 391 U.S. at 574. *Perry* held in 1972 that a public college may not deny a professor a benefit because of his protected speech. 408 U.S. at 597–98. Reasonable university officials in 2024 had fair warning that punishing faculty members for peaceful participation in a campus protest violates the First Amendment.

## CONCLUSION

The Court should deny Defendants' motion to dismiss Plaintiffs' First Amendment retaliation claim.

Dated: November 25, 2026

Respectfully submitted,

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury
Texas Bar No. 12095275
THOMAS S. LEATHERBURY LAW, PLLC
Cumberland Hill School Building
1901 North Akard Street
Dallas, Texas 75201-2305
(214) 213-5004
tom@tsleatherburylaw.com

Peter B. Steffensen
Texas Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, Texas 75275-0116
(214) 768-4077
psteffensen@smu.edu

Counsel for Amici Curiae Law Professors

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, I filed this document through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Thomas S. Leatherbury*
Thomas S. Leatherbury

## APPENDIX: LIST OF AMICI CURIAE

Faisal Chaudhry, Associate Professor of Law, University of Massachusetts School of Law

Mohammad Fadel, Professor of Law, University of Toronto Faculty of Law

Ramsi A. Woodcock, Edward H. Metcalf Jr. Professor of Law, University of Kentucky J. David Rosenberg College of Law

Institutional affiliations are given for identification only.